

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# Abdel-Whab v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Abdel-Whab v. Atty Gen USA" (2005). *2005 Decisions.* Paper 153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-40                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4139
_____

USAMA SADIK ABDEL-WHAB,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A79 120 260
on August 9, 2005

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2005

Before: BARRY, SMITH AND NYGAARD,  <u>Circuit Judges</u>.

(Filed :   December 6, 2005)
_____

OPINION
_____

PER CURIAM

     Usama Sadik Abdel-Whab[1] petitions for review of a decision of the Board of

_____

  [1] Certain documents show petitioner's name as "Abdel-Wahab," but we will adopt the spelling found in the caption of this case.

Immigration Appeals, denying his fourth motion to reopen his removal proceedings. We will deny the petition.

We review the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003).[2] Abdel-Whab's petition argues that the Board should have reopened his proceedings to allow him to apply for relief under the Convention Against Torture, and due to new evidence regarding his wife's health. However, his petition then goes on to argue only that the conviction on which his removal order was based is invalid.[3]

Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As Abdel-Whab's motion was numerically barred by the regulations, the Board did not abuse its discretion in denying the motion. We will therefore deny the petition.

---

[2] This court's review does not extend to any of the BIA's orders entered before August 9, 2005, because the petition for review was only timely as to that order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986).

[3] The motion to reopen Abdel-Whab submitted to the Board does argue that he was "tortured before in Egypt in 1998 & 1999." Any claim based on torture in 1998 and 1999 clearly could have been raised in his original removal proceedings. His motion also argued that the Egyptian government is now questioning relatives in Egypt about his detention in the United States, which causes him to fear for his life. Assuming that the Egyptian government is asking questions about him, that information is not sufficient to show that it is more likely than not that he will be tortured if returned to Egypt. See 8 C.F.R. § 208.16(c)(2); Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003).